Rossy García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revisión y revocación de un dictamen emitido en reconsideración por el Juez Administrativo Angel R. Padilla Cáceres el 9 de febrero de 1999. Mediante éste dejó sin efecto la adjudicación de una subasta a favor de la aquí recurrente, Habibe Computer Co., ello luego de determinar que la oferta presentada por Habibe fue una "no responsiva", por no cumplir con las especificaciones técnicas requeridas en la Invitación a Subasta. En particular, y según determinado en el dictamen recurrido, el requisito de las Especificaciones Técnicas requería lo siguiente:

"t" Caja tipo "Slim Case Desktop" igual o similar a la Compaq "Desktop Small Form Factor".

Mediante esta especificación y según determinado en el dictamen recurrido,

"la Autoridad exige un tamaño específico en la caja de la computadora. Para asegurarse de obtener el tipo de caja deseado (Slim. Case Desktop) ofrece un ejemplo de dicho producto (Compaq Desktop Small Form Factor). Dicha exigencia surge de la necesidad de obtener computadoras poderosas en su capacidad y ejecutorias y al mismo tiempo utilizar el menor espacio posible para éstas. El modelo requerido en la subasta "Slim Case Desktop" fue diseñado específicamente para módulos, cubículos y oficinas donde se maximiza la utilización del espacio."

Según determinado por el Juez Administrativo en el dictamen recurrido, la oferta de la recurrente fue por una computadora Optiplex G1/MT Pentium 350 MHZ, ello para indicar a continuación que,

"Las computadoras DELL, modelo Optiplex Desktop, vienen en tres tipos de "chassis".

a) Low Profile

b) Mid Size

c) Mini Tower"

La diferencia básica entre estos tres tipos de caja estriba en la cantidad de "expansion". La primera tiene tres; la segunda, cinco y la tercera tiene siete. Mientras más cantidad tengan, mayor es el espacio *1109 necesitado. Por consecuencia la caja es mayor.
Para poder cumplir con lo exigido en la especificación "t" antes mencionado, la compañía Habibe Computer tenía que ofrecer la caja "Low Profile". Sin embargo las letras en su oferta son indicativas de “Mini Tower".
Concluyó así que la aquí recurrente, al someter su oferta por computadoras tipo "Mini Tower", incumplió con el referido requisito de la invitación a subasta. Resolvió, además, que tratándose de una desviación sustancial, resultaba procedente anular la adjudicación de la subasta hecha a su favor.
Inconforme la recurrente Habibe con dicha determinación, y sin cuestionar la corrección de la determinación hecha a los efectos de que la oferta por ella sometida no cumple con los términos y condiciones de la Invitación a Subasta, lo que la toma en una no responsiva, se limita a cuestionar el trámite dispuesto en el Capítulo IV del Reglamento de Subastas de la A.E.E. en lo atinente a la reconsideración de la adjudicación de una subasta. No obstante, ninguna desviación o incumplimiento con el referido trámite invoca, admitiendo que se cumplió con el mismo. Procede así a argumentar que, si bien fue informado por la Autoridad que se había presentado una moción de reconsideración, el trámite dispuesto en el Reglamento "no provee para una notificación adecuada sobre asuntos medulares, como son la parte que solicita la reconsideración y los fundamentos de dicha reconsideración". En tal argumentación hace total abstracción de la naturaleza informal de los procedimientos de subastas, cuya reglamentación y términos, por expresa disposición de la sec. 3.19 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2169, "serán establecidos por las agencias". Ello hizo la Autoridad al aprobar el Reglamento de Subastas de la A.E.E. para regir tales procedimientos, el que incluye el trámite de la reconsideración de la adjudicación de la subasta, cuyo conocimiento le es imputable a las partes y, en particular, a la aquí recurrente. Además, habiendo sido informada de la presentación de la moción de reconsideración ante la Autoridad en tiempo oportuno, libre quedaba su derecho para comparecer a la Autoridad con diligencia para enterarse de los fundamentos de impugnación y colocarse en condición de formular cualquier alegación en oposición, de entenderlo procedente, lo que no hizo. Se trata, pues, de un trámite transparente del cual el recurrente fue debidamente notificado y en el que la determinación aquí recurrida fue emitida por un adjudicador imparcial, con conocimiento y comprensión de la evidencia obrante en el expediente administrativo, el que contiene los fundamentos de su decisión. En tales circunstancias, y considerada la naturaleza informal de los procedimientos de subastas, ningún mérito podemos adscribirle a la argumentación del recurrente a lós efectos de que el referido trámite reglamentario infringe su derecho a un debido proceso de ley. Por el contrario, somos del criterio que el referido trámite cumple con las exigencias del debido proceso de ley al proveer protección adecuada contra la arbitrariedad administrativa. Henríquez v. Consejo Educación Superior, 120 D.P.R. 194 (1987).
De otra parte e independientemente de lo antes indicado, h. aquí recurrente dejó de formular alegación alguna ante el foro recurrido en apoyo a la responsividad de su propuesta. Tampoco lo hace ante nosotros, lo que toma en totalmente inmeritorio el recurso que nos ocupa. Basta con señalar que una agencia o corporación pública no puede conceder una subasta a un licitador que hace una oferta sustancialmente diferente a lo requerido, lo que en el caso que nos ocupa surge del expediente. McBride and Louhey, Government Contracts, sec. 10.70, pág. 10-248. Ello es así toda vez que, para adelantar los objetivos perseguidos por los sistemas de subastas gubernamentales, a saber, proteger los intereses y dineros del Pueblo al promover la competencia para lograr el precio más bajo y evitar favoritismo, corrupción, extravaganza y descuido al otorgar los contratos, Mar-Mol Co. v. Adm. de Servicios Generales, 126 D.P.R. 864, 871-872 (1990), es esencial que se le dé oportunidad a todos los posibles licitadores de que hagan sus ofertas sobre la misma cosa. Así, una propuesta se considera "responsiva" cuando contiene una oferta definida, no condicionada, que está conforme, en todos los aspectos importantes, con los términos de la invitación a subasta. Model Procurement Code for State and Local Governments, American Bar Association, Section of Public Contract Law (1979), Art. 3-101 (7). Dicho criterio se encuentra expresamente recogido en el Capítulo II, sec. 10, Art. AM del Reglamento de Subastas de la A.E.E., donde se dispone, en lo pertinente, que "la subasta se adjudica a favor del postor más bajo evaluado cuya oferta responda sustancialmente a las especificaciones, y condiciones establecidas en la Invitación a la Subasta". (Enfasis suplido). Con tal exigencia incumplió la aquí recurrente al obviar las especificaciones de la Invitación a Subasta, según bien determinado por el Juez Administrativo recurrido, determinación que no ha sido cuestionada o impugnada en forma *1110 alguna por la recurrente. Ello desviste de todo mérito el recurso por él instado toda vez que, ante tal realidad indisputada, estaba impedida la Autoridad de adjudicar la buena pro de la subasta a la recurrente Habibe.
En consecuencia, habiendo dictaminado con corrección el Juez Administrativo recurrido al emitir el dictamen que es ahora objeto de impugnación y en ausencia de proceder arbitrario o actuación ilegal o irrazonable de su parte, resulta procedente denegar la expedición del auto solicitado en el caso de epígrafe.
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General